## Owen McIntyre *vs.* Elisha A. Fuller.

In an action to recover for the wages of the plaintiff's minor son, in which the defence is that the labor was done under a contract made by the son with his father's assent to work on his own account, and it appears that before the commencement of the action the defendant paid a portion of the wages to the son, proof that the defendant since the action was brought made a tender of the residue to the plaintiff, who received the same to apply *pro tanto* upon the claim, does not prevent him from relying upon the defence of a general emancipation by the plaintiff of his son.

CONTRACT. The declaration contained one count, for one year's work done for the defendant by the plaintiff's minor son. Answer, that the work was done under a contract, made with the plaintiff's assent, between the plaintiff's son and the defendant, by which the former was to work on his own account, and that the defendant had paid him and the plaintiff in full.

At the trial in the superior court, it appeared that the plaintiff's son worked for the defendant eleven and one half months at ten dollars a month, and that he had received from the defendant $114.63; and there was evidence tending to show that after this suit was commenced the defendant made a tender to the plaintiff's attorney of the residue of the son's wages, and costs, and the plaintiff's attorney took the same to apply *pro tanto* upon the claim. · The defendant introduced evidence tending to prove the son's authority to receive his wages, and his emancipation. The plaintiff requested the court to instruct the jury that, if a tender was made by the defendant to the plaintiff, this was an acknowledgment of the plaintiff's right to recover his son's wages, and the defendant could not avail himself of the defence of a general emancipation ; but *Morton*, J. ruled that whether there was a tender or not, the defence was open to the defendant.

The jury returned a verdict for the defendant, and the plain-tiff alleged exceptions.

*G. M. Stearns,* for the plaintiff.

*E. W. Bond,* for the defendant.

HOAR, J. It is a salutary rule that a defence inconsistent with the defendant's averments in his pleadings cannot be permitted. Thus, if he pleads only payment, he cannot show in defence anything which denies the plaintiff's cause of action. And a tender or payment of money into court upon the whole cause of action declared on, will have the same effect. But where the defendant especially limits the effect of the tender or payment in his pleading, no such result follows. And this is true, although there may be but one count in the declaration, if that count contains the statement of a claim that is in its nature divisible. Thus a plaintiff might declare upon a single promissory note. The defendant might rely in his defence upon a partial want or failure of consideration, upon a payment as to a part, and a tender as to the remainder. If properly pleaded, one of these defences would not exclude the other.

In this case the "tender" spoken of was not pleaded as such but was accepted as a payment *pro tanto,* and relied on as a payment. When received it was offered as a tender of the residue, relying upon the previous payment to the son as made with the consent of the father. The exceptions do not show when the emancipation of the son was made by the father. It may have been during the period for which the father claims the son's wages in the declaration; and then a part would be due to the son, and the residue to the father.

An emancipation includes an authority conferred by the father upon the son to receive his wages and to work upon his own account. This was relied on in the answer; and there was an averment that the son had been paid a certain sum under this contract. A tender or payment of the residue to the father could have no effect beyond the amount thus paid or tendered. There was no objection made that the answer set up inconsistent defences. *Exceptions overruled.*